IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 14-cv-02691-CMA-CBS

In re:

LEONID SHIFRIN,

    Debtor,

HARVEY SENDER, as Chapter 7 Trustee,

    Plaintiff,

v.

QILLY SHIFRIN,
MARK SHIFRIN,
SOFIA SHIFRIN,
GLASGOW, INC. d/b/a COLONIAL FINANCIAL, INC.,
GLASGOW SALES, INC.,
USWSL GROUP INC. d/b/a 5280 MOTORS INC.,
USXLP INC. d/b/a NICE NEIGHBOR MOVERS INC.,
67TH AVENUE INC. d/b/a NEIGHBORS MOVING, FATHER AND SONS MOVING,
67TH INC. d/b/a NEIGHBORS MOVING, FATHER AND SONS MOVING, 67TH
AVENUE MOVERS INC., and 67 AVENUE LOGISTICS INC.,

    Defendants.

---

**ORDER DENYING MOTIONS FOR WITHDRAWAL OF REFERENCE**

---

This matter is before the Court on Defendant Qilly Shifrin's and Defendants Glasgow Inc., Mark Shifrin, Sofia Shifrin, USWSL Group Inc., and 5280 Motors Inc.'s (collectively "Defendants'") Motions for Withdrawal of Reference (Doc. ## 2, 3).  Plaintiff

objects to the requested relief (Doc. # 7).  Because withdrawal of these cases would be premature at this time, Defendants' Motions are denied, as provided below.

## I. BACKGROUND

Defendants' Motions arise from an adversary proceeding currently pending in the United States Bankruptcy Court for the District of Colorado (No. 14-1283-MER).

On June 17, 2012, the Debtor filed his petition for bankruptcy relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").  The Bankruptcy Court has been administering the Debtor's Bankruptcy Case and the Bankruptcy Estate since that time.  In June of 2014, the Trustee commenced 28 adversary proceedings, including the instant case, against numerous individuals and entities, asserting claims under 11 U.S.C. §§ 544, 548, 549 and 550 and the Colorado Uniform Fraudulent Transfer Act.   On July 1, 2014, to reduce the pretrial burdens on the Bankruptcy Court and allow for coordinated discovery, the Bankruptcy Court ordered the joint administration of the Avoidance Actions for purposes of Fed. R. Bankr. P. 7016, which are currently administratively consolidated for purposes of discovery and pretrial proceedings, at Bankruptcy Court Case No. 14-9991-MER.  (Doc. # 7 at 5.)   As such, this adversary proceeding represents just one of 30 litigation matters (including the Bankruptcy Case, the Discharge Action, and the Jointly Administered Cases) that arise out of a similar set of facts, all of which are currently being administered by the Bankruptcy Court.  (*Id.*)

## II. ANALYSIS

28 U.S.C. § 157(d) provides that a district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, **for cause shown**." (Emphasis added).[1]  In determining whether cause for withdrawal exists, courts consider the goals of promoting uniformity in bankruptcy administration, the prevention of forum shopping, judicial economy, conserving debtors' and creditors' resources, expediting the bankruptcy process, and the right to a jury trial.  *Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co., et al. (In re Centrix Fin. LLC)*, No. 09-cv-01542-PAB-CBS, 2011 WL 63505, at *4-6 (D. Colo. Jan. 7, 2011).

In *Granfinanciera, S.A. v. Nordberg,* the United States Supreme Court held that defendants in fraudulent transfer actions brought by trustees are entitled to jury trials if they have not filed claims against the estate.  492 U.S. 33, 58–59, 64 (1989). Additionally, because bankruptcy courts may not conduct jury trials, *In re Kaiser Steel Corp.*, 911 F.2d 380, 392 (10th Cir. 1990), proof of a right to a jury trial may constitute cause for permissive withdrawal.  *Granfinanciera*, however, "certainly does not hold that references of such actions must be withdrawn immediately upon jury demand."  *In re Kirk E. Douglas, Inc.*, 170 B.R. 169, 170 (D. Colo. 1994) (internal citation omitted). Instead, although the right to jury trial must be preserved, the bankruptcy court may still supervise discovery, conduct pre-trial conferences and rule on pending motions – including dispositive motions resolving whether a trial is necessary – notwithstanding a

---

[1] The second sentence of 28 U.S.C. § 157(d), which does not apply here, provides that the district court "must" withdraw the reference in certain circumstances where the proceedings implicate both the provisions of Title 11 of the United States Code and other sources of federal law.  (Doc. # 2 at 1.)

3

party's valid jury demand and eventual jury trial in district court. *In re M & L Bus. Mach. Co., Inc.*, 159 B.R. 932, 934-35 (D. Colo. 1993); *see also Matter of Lieb*, 915 F.2d 180, 185 (5th Cir. 1990) ("If and when the threat to their Seventh Amendment rights becomes concrete, . . . [defendants] may seek appropriate remedies at that time.")

Defendants' sole argument in support of the withdrawal of reference is that they are entitled to a jury trial on their claims. Although that may ultimately be the case, the Court concludes that withdrawal at this time is premature. First, this case may not require a jury trial at all; rather, it may be resolved as a matter of law, for example, on summary judgment, or it may be settled out of court. Second, even if Defendants are ultimately entitled to a jury trial, withdrawal of the reference is premature because the bankruptcy court is the more efficient and economical forum in which pre-trial activity may be conducted. Indeed, the Bankruptcy Court is already presiding over 28 related adversary proceedings that are based on nearly identical factual circumstances. Significantly, in ordering that the Avoidance Actions be jointly administered, the Bankruptcy Court specifically found that the adversary proceedings involve "overlapping and similar issues." (*In re Shifrin*, No. 12-22722-MER, Doc. # 260.)

Concomitantly, Defendants do not show how they would be prejudiced by having the bankruptcy court handle the pretrial matters and by having the case withdrawn only if (and when) it is ready for trial. Defendants' rights are not infringed by allowing the bankruptcy court to retain jurisdiction over this matter for pre-trial proceedings. *See In re HealthCentral.com*, 504 F.3d 775, 787–88 (9th Cir. 2007) (noting that the bankruptcy "system promotes judicial economy and efficiency by making use of the bankruptcy

court's unique knowledge of Title 11 and familiarity with the actions before them. . . . Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out.")  Courts in this District have repeatedly held that where the bankruptcy court possesses more familiarity with facts of a case incident to its management of the bankruptcy proceedings, withdrawal of the reference should be delayed until the case is "trial ready."  See *In re Centrix Fin.*, 2011 WL 63505, at *4 (collecting cases); *In re Hardesty*, 190 B.R. 653, 656 (D. Kan. 1995) (internal quotation omitted) ("[A] rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme.")  Consideration of a request for withdrawal of the reference is thus premature.

Accordingly, it is ORDERED that Defendants' Motions for Withdrawal (Doc. # 2, 3) are DENIED.  Additionally, upon further review, the Court finds that rather than leaving this case open for possibly months or years, this case should be administratively closed pursuant to D.C.COLO.LCivR 41.2, with leave to be reopened for good cause shown.  Accordingly, it is

ORDERED that the Clerk of the Court shall ADMINISTRATIVELY CLOSE this action pursuant to D.C.COLO.LCivR 41.2.

IT IS FURTHER ORDERED that the parties shall file a joint status report every six months, beginning on October 28, 2015.

DATED: April 29, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge